## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LINDSEY K. SPRINGER,             )
                                 )
                    Plaintiff,   )
                                 )
v.                               )    Case No. CIV-05-466-F
                                 )
UNITED STATES OF AMERICA, et al.,)
                                 )
                    Defendants.  )

### ORDER

Now before the Court is a Motion to Dismiss filed by Defendant, the United States of America (Defendant), as the real party in interest and in place of the named federal Defendants Fred Rice, Scott Penny, and Leland Neubauer.  Plaintiff Lindsey K. Springer (Springer) filed a response to which Defendant filed a reply; accordingly, the motion is ripe for disposition.  The Court, upon full consideration of the applicable law and the litigants' submissions, now **GRANTS** Defendant's Motion to Dismiss.

### BACKGROUND

In 1996, the Internal Revenue Service (IRS) issued two notices of deficiency to Springer after determining that he failed to file federal income tax returns and pay estimated taxes for the years 1990 through 1995.  (Def.'s Mem., Dkt. No. 14, at 3 ¶ 1; Pl.'s Compl., Dkt. No. 1, Exs. 1, 2.)  Springer timely petitioned the United States Tax Court (Tax Court) for a redetermination of the claimed tax deficiencies; however, the Tax Court found Springer liable for the tax amounts stated within the notices of deficiency.  (Def.'s Mem., at 4 ¶ 4, at 5 ¶ 6.)

In March 2005, the IRS sent Springer a "Final Notice" detailing both its intent to levy and Springer's right to a Collection Due Process Hearing (CDP hearing) with

respect to his 1990-1995 federal income tax liabilities.  (Id. at 5 ¶ 8.)  Springer requested a CDP hearing.  (Id. at 6 ¶ 9.)  Prior to the hearing, the IRS notified Springer that he was only entitled to a CDP hearing conducted via the telephone and that he was precluded from raising the issue of his liability for the taxes in question.  (Id. at 7 ¶¶ 14-17.)  Springer filed the instant action for injunctive relief in federal court on April 25, 2005, the day before his scheduled CDP hearing.  (Id. ¶ 17; Pl.'s Compl., date stamp at 1.)  The IRS conducted the telephone CDP hearing and, on August 16, 2005, issued final notices of determination outlining the matters considered at the CDP hearing and sustaining the decision to levy. (Def.'s Br., Dkt. No. 27, at 7 ¶¶ 17-19.)  Defendant now moves the Court to dismiss Springer's complaint under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion may take either of two forms:  a facial attack questioning the sufficiency of the complaint, or a factual attack questioning the existence of subject matter jurisdiction itself.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Here, Defendant mounts both a facial and a factual attack on Springer's complaint.  The Court finds Defendant's factual attack to be both persuasive and dispositive.  Consequently, there is no need to address Defendant's facial attack argument or its Rule 12(b)(6) argument (or Springer's responses to those arguments).

For a factual attack on subject matter jurisdiction, the Court may not presume the truthfulness of the complaint's allegations.  Id. at 1003.  Moreover, the Court has wide discretion to consider materials outside the complaint when resolving the jurisdictional question under Rule 12(b)(1); resort to outside materials does not convert the motion to dismiss to a Rule 56 motion for summary judgment.  Id.

Because the jurisdictional question and the merits of Springer's action are not intertwined, that is, neither issue is dependent on the same statute, the Court need not convert Defendant's Rule 12(b)(1) motion into either a Rule (12)(b)(6) or a Rule 56 summary judgment motion.  Id.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Rule 12(h)(3).  "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 74 U.S. 506, 514 (1868).

## DISCUSSION

The dispositive issue in the instant action concerns the existence of the Court's subject matter jurisdiction[1] to address the merits of Springer's complaint.  Defendant argues that the Anti-Injunction Act (AIA), 26 U.S.C. § 7421, strips the Court of subject matter jurisdiction and that exclusive jurisdiction lies with the Tax Court to adjudicate the underlying income tax dispute.  Springer responds that his action falls within two exceptions to the AIA, thus the Court has subject matter jurisdiction to grant his requests for injunctive relief.  Springer's arguments are unpersuasive.

## I.    The AIA and its Prohibition of Suits to Restrain Tax-related Activities.

In general, the Court has "original jurisdiction [over] any civil action arising under any Act of Congress providing for internal revenue."  28 U.S.C. § 1340;[2] Guthrie v. Sawyer, 970 F.2d 733, 735 n.2 (10th Cir. 1992).  Under the AIA however,

---

[1]  Even though the litigants discuss the waiver of sovereign immunity extensively, it is not the dispositive issue as 26 U.S.C. § 6330(d)(1) acts as a limited waiver.  Render v. I.R.S., 309 F. Supp.2d 938, 940-41 (E.D. Mich. 2004) (collecting cases).  (See Def.'s Mot., at 11.)

[2]  Springer fails to list § 1340 as a basis of the Court's jurisdiction in his complaint. Nevertheless, the Court focuses on Defendant's factual attack on the Court's subject matter jurisdiction.

"[e]xcept as provided in section[] . . . 6330(e)(1), . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).  The AIA effectively strips the Court of jurisdiction, thereby preventing judicial intervention in disputes involving taxes Defendant has yet to collect.  Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5-7 (1962). Here, the underlying dispute concerns Springer's liability for assessed but uncollected income taxes.  Springer now disputes the amount of his income tax liability, the method by which Defendant assessed the amount owed, and the manner in which the IRS conducted its investigation.  (See Pl.'s Compl. ¶¶ 59-99.)  Springer's requested relief would require the IRS to conduct a new CDP hearing and reassess his income tax liability—relief which would restrain the assessment or collection of federal taxes in direct contravention of the AIA.  Therefore, the AIA bars Springer's action unless it falls within either a statutory or judicially created exception to the AIA.  James v. United States, 970 F.2d 750, 756 (10th Cir. 1992).

A.     Statutory Exception to the AIA.

Springer first argues that a statutory exception to the AIA—§ 6630(e)(1)—allows the Court to retain subject matter jurisdiction over his action for injunctive relief.[3]

> **In general.–** . . . if a hearing is requested under . . . [§ 6630](a)(3)(B),
> the levy actions which are the subject of the requested hearing . . . shall
> be suspended for the period during which such hearing, and appeals
> therein, are pending.  In no event shall any such period expire before the
> 90th day after the day on which there is a final determination in such
> hearing.  Notwithstanding the provisions of . . . [26 U.S.C. §] 7421(a),
> the beginning of a levy or proceeding during the time the suspension

---

[3]  The AIA contains other exceptions, but Springer only argues that § 6330(e)(1) is applicable.

under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court.

§ 6630(e)(1). Springer requested, and received, a CDP hearing; therefore, under the plain language of the statute, all levy-related actions are suspended during the statutorily mandated period. Nevertheless, Springer's argument fails for two reasons. First, the record is devoid of either allegations or actual evidence that Defendant has begun or is engaging in levy-related activities during the suspension period. The record actually demonstrates the opposite—Defendant states that it has not, and will not, engage in levy-related actions during the suspension period. (Def.'s Aff., Dkt. No. 28, at 2 ¶ 7; Def.'s Aff., Dkt. No. 29, at 2 ¶¶ 7, 8.)

Second, § 6330(e)(1) limits the power to enjoin to "the proper court" which, in this instance, is the Tax Court, as provided in § 6330(d):[4]

> **Proceeding after hearing.–(1) Judicial review of determination.**–The person may, within 30 days of a determination under this section, appeal such determination–(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

§ 6330(d). Here, the underlying tax dispute involves income taxes—a type of tax liability over which the Tax Court has jurisdiction. Serv. Employees Int'l Union v. Comm'r, 125 T.C. No. 5, 2005 WL 2234503 (U.S. Tax Ct. Sept. 15, 2005) ("For purposes of section 6330(d), the [Tax] Court may have jurisdiction over an underlying liability for income, estate, or gift tax even when no deficiency has been determined."); Downing v. Comm'r, 118 T.C. 22, 25-28 (2002) ("The Tax Court

---

[4] In actions involving statutory construction, the Court first looks to the language of the statute itself. True Oil Co. v. Commissioner, 170 F.3d 1294, 1299 (10th Cir. 1999). In so doing, the Court construes specific provisions of the statute within the context of the entire statute. TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001).

generally has jurisdiction over income, gift, and estate tax cases for purposes of section 6330(d)(1)(A) because we have deficiency jurisdiction relating to those taxes.").[5] Therefore, the Tax Court is the proper court and has exclusive jurisdiction over the claims Springer asserts in this case.[6] For the reasons stated above, the Court finds that the § 6630(e)(1) statutory exception to the AIA is inapplicable to the instant action.

B.   Judicially Created Exception to the AIA.

Springer next argues that a judicially created exception to the AIA—Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962)—allows the Court to retain subject matter jurisdiction over his action for injunctive relief.[7] The Enochs exception requires Springer to demonstrate that under no set of circumstances could Defendant prevail on its tax claim, and that equity jurisdiction otherwise exists, that is, irreparable harm and no adequate legal remedy. Enochs, 370 U.S. at 7. Here, Springer's argument fails for two reasons. First, Springer neither develops nor advances a reasoned Enochs argument with supporting citations to the record; he merely cites Enochs and draws a legal conclusion. Although Springer proceeds *pro se*, the Court will neither construct arguments nor sift the record for him in an attempt

---

[5]  See also 26 U.S.C. §§ 7441-42 (creating the Tax Court and conferring jurisdiction; id. §§ 1, 61, 63 (imposing income tax liability, and defining gross income and taxable income); id. §§ 6211-14 (defining Tax Court jurisdiction over income tax deficiencies); 26 C.F.R. § 301.6330-1, A-F3.

[6]  The Tax Court also maintains jurisdiction over procedural due process claims Springer may raise. See Alexander v. Ams. United, Inc., 416 U.S. 752, 759 (1974) ("[D]ecisions of [the Supreme] Court make it unmistakably clear that the constitutional nature of a taxpayer's claim . . . is of no consequence under the Anti-Injunction Act."). Voelker v. Nolen, 365 F.3d 580, 580-82 (7th Cir. 2004); Marino v. Brown, 357 F.3d 143, 145-46 ns.4, 5 (1st Cir. 2004); Martin v. Comm'r, 756 F.2d 38, 40 (6th Cir. 1985).

[7]  South Carolina v. Regan, 465 U.S. 367 (1984) recognizes another judicially created exception to the AIA; however, Springer does not argue that his action falls under the Regan exception.

to undergird his conclusory assertion that his action falls within the <u>Enochs</u> exception. <u>Mitchell v. City of Moore</u>, 218 F.3d 1190, 1199 (10th Cir. 2000); <u>Drake v. City of Fort Collins</u>, 927 F.2d 1156, 1159 (10th Cir. 1991).

Second, at the current stage of litigation, equity jurisdiction does not exist as Springer has an adequate legal remedy available—he may pay the tax and sue for refund.  26 U.S.C. § 7422; <u>Enochs</u>, 379 U.S. at 7 ("The manifest purpose of s 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."); <u>Flora v. United States</u>, 362 U.S. 145, 177 (1960) (holding that 28 U.S.C. § 1346(a) requires full payment of the alleged wrongful assessment prior to maintaining an income tax refund suit in federal district court). For the reasons stated above, the Court finds that the judicially created <u>Enochs</u> exception to the AIA is also inapplicable to the instant action.

<u>CONCLUSION</u>

In light of Springer's failure to demonstrate that his suit falls within an exception to the AIA, his suit for injunctive relief is barred.  Therefore, Defendant's Motion to Dismiss [Dkt. No. 13] is **GRANTED** as the Court lacks subject matter jurisdiction.  Because the Court lacks power to rule on any substantive motions, Springer's Motion for Temporary and Preliminary Restraining Order [Dkt. No. 23] and Motion for Court Order to Quash Notice of Determination [Dkt. No. 24] are **STRICKEN AS MOOT**.

IT IS SO ORDERED this 6th day of October, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0466p003 (pub) .wpd